John E. Flaherty
Ravin R. Patel
McCARTER & ENGLISH LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Counsel for Plaintiffs AstraZeneca AB,
Aktiebolaget Hässle, AstraZeneca LP,
and Zeneca Inc.*

Einar Stole
Ed Rippey
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., NW
Washington, DC 20004
(202) 662-6000

*Of Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, and ZENECA INC., <br><br> Plaintiffs, <br><br> v. <br><br> PERRIGO COMPANY PLC, PERRIGO COMPANY, L. PERRIGO COMPANY, and PADDOCK LABORATORIES, LLC, <br><br> Defendants. | Civil Action No. _____ <br><br> **COMPLAINT FOR PATENT INFRINGEMENT AND CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2** |

Plaintiffs AstraZeneca AB, Aktiebolaget Hässle, AstraZeneca LP, and Zeneca Inc. (collectively, "Plaintiffs"), by their attorneys, for their Complaint against Perrigo Company plc ("Perrigo plc"), Perrigo Company ("Perrigo Company"), L. Perrigo Company ("L. Perrigo"), and Paddock Laboratories, LLC ("Paddock"), allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and in particular under 35 U.S.C. § 271(e). This action relates to Abbreviated New Drug Application ("ANDA") No. 207193 filed by or for the benefit of Perrigo plc, Perrigo Company, L. Perrigo, and Paddock (collectively, "Defendants" or "Perrigo") with the United States Food and Drug Administration ("FDA") for approval to market generic versions of Plaintiffs' NEXIUM 24HR® pharmaceutical products that are sold in the United States.

## THE PARTIES

2. Plaintiff AstraZeneca AB ("AZ AB") is a corporation operating and existing under the laws of the Sweden, with its principal place of business at Södertälje, Sweden.

3. Plaintiff Aktiebolaget Hässle is a corporation organized and existing under the laws of Sweden, having its principal place of business at Mölndal, Sweden.

4. Plaintiff AstraZeneca LP ("AZ LP") is a limited partnership operating and existing under the laws of the State of Delaware, with its principal place of business at 1800 Concord Pike, Wilmington, Delaware 19803. AZ LP holds an approved New Drug Application ("NDA") from the FDA for an esomeprazole magnesium formulation that it sells under the name NEXIUM 24HR®.

2

5. Plaintiff Zeneca Inc. ("Zeneca") is a Delaware corporation having its principal place of business at Wilmington, Delaware. Zeneca has exclusive rights in the United States to market and sell products covered by United States Patent Nos. 6,369,085 and 7,411,070.

6. On information and belief, Defendant Perrigo plc is a company organized and existing under the laws of Ireland with its principal place of business at Treasury Building, Lower Grand Canal St., Dublin 2, Ireland.

7. On information and belief, Defendant Perrigo Company is a company organized and existing under the laws of Michigan with its principal place of business at 515 Eastern Avenue, Allegan, Michigan, 49010.

8. On information and belief, Defendant L. Perrigo is a company organized and existing under the laws of Michigan, having a principal place of business at 71 Suttons Lane, Piscataway, New Jersey 08854.

9. On information and belief, Defendant Paddock is a company organized and existing under the laws of Delaware with its principal place of business at 3940 Quebec Avenue N, Minneapolis, Minnesota 55427.

10. On information and belief, Paddock is a wholly-owned subsidiary of Perrigo Company.

11. On information and belief, L. Perrigo is a wholly-owned subsidiary of Perrigo Company.

12. On information and belief, Perrigo Company is a wholly-owned subsidiary of Perrigo plc.

13. On information and belief, Perrigo plc, either directly or through one or more of its wholly owned subsidiaries and/or agents, including Perrigo Company, L. Perrigo and

Paddock, develops, manufactures, distributes, markets, offers to sell, and sells generic drug products for sale and use throughout the United States, including within this judicial district.

14. On information and belief, Perrigo Company, L. Perrigo, and Paddock, with the assistance and/or at the direction of Perrigo plc, develop, manufacture, distribute, market, offer to sell, and sell generic drug products for sale and use throughout the United States, including within this judicial district.

## BACKGROUND

### The NDA

15. AZ LP is the holder of NDA No. 204655 for NEXIUM 24HR® Esomeprazole Magnesium Delayed-Release Capsules, 20 mg. NEXIUM 24HR® is an over the counter drug approved for the treatment of frequent heartburn (2 or more days a week). Esomeprazole magnesium trihydrate is the active ingredient in NEXIUM 24HR®.

### The Patents-in-Suit

16. United States Patent No. 6,369,085 ("the '085 patent"), entitled "Form of S-Omeprazole," was duly and legally issued by the United States Patent and Trademark Office ("the USPTO") on April 9, 2002 to AZ AB, upon assignment from the inventors Hanna Cotton, Anders Kronstrom, Anders Mattson, and Eva Möller. The '085 patent claims, *inter alia*, magnesium salts of esomeprazole trihydrate, pharmaceutical compositions comprising the claimed salts, methods of treatment using the claimed salts, and processes for preparing the claimed salts. A true and correct copy of the '085 patent is attached as Exhibit A.

17. Plaintiff AZ AB has been and still is the owner of the '085 patent. The '085 patent will expire on May 25, 2018, and pediatric exclusivity relating to the '085 patent expires on November 25, 2018.

18. United States Patent No. 7,411,070 ("the '070 patent"), entitled "Form of S-omeprazole," was duly and legally issued by the USPTO on August 12, 2008 to AZ AB upon assignment from inventors Hanna Cotton, Anders Kronstrom, Anders Mattson, and Eva Moller. The claims of the '070 patent are directed to, *inter alia*, magnesium salts of esomeprazole trihydrate and processes for preparing the claimed salts. A true and correct copy of the '070 patent is attached as Exhibit B.

19. Plaintiff AZ AB has been and still is the owner of the '070 patent. The '070 patent will expire on May 25, 2018, and pediatric exclusivity relating to the '070 patent expires on November 25, 2018.

## The ANDA

20. On information and belief, Perrigo plc filed ANDA No. 207193 with the FDA under 21 U.S.C. § 355(j) to obtain FDA approval for the commercial manufacture, use, importation, offer for sale, and sale in the United States of esomeprazole magnesium delayed-release capsules, 20 mg ("the ANDA Product"), which are generic versions of Plaintiffs' NEXIUM 24HR® Esomeprazole Magnesium Delayed-Release Capsules, in a 20 mg dosage form.

21. By letter dated December 22, 2014 (the "ANDA Notice Letter"), Perrigo plc notified Plaintiffs that Perrigo plc had filed ANDA No. 207193 seeking approval to market the ANDA Product and that Perrigo plc was providing information to Plaintiffs pursuant to 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95.

## JURISDICTION AND VENUE

22. Subject matter jurisdiction over this action is proper pursuant to the provisions of Title 28, United States Code, Sections 1331 and 1338(a).

23. On information and belief, Defendant L. Perrigo is a company organized and existing under the laws of the laws of Michigan, having a principal place of business at 71 Suttons Lane, Piscataway, New Jersey 08854.

24. On information and belief, Perrigo plc, either directly or through one or more of its wholly owned subsidiaries and/or agents, develops, manufactures, distributes, markets, offers to sell, and sells generic drug products for sale and use throughout the United States, including within the judicial district.

25. On information and belief, Perrigo Company, L. Perrigo, and Paddock, with the assistance and/or at the direction of Perrigo plc, develop, manufacture, distribute, market, offer to sell, and sell generic drug products for sale and use throughout the United States, including within the judicial district.

26. On information and belief, Defendants are in the business of developing, formulating, manufacturing, marketing, offering to sell, selling, and commercializing pharmaceutical products.

27. On information and belief, Defendants acted in concert to develop the ANDA Product and to seek approval from the FDA to sell the ANDA Product throughout the United States, including within this judicial district.

28. On information and belief and as stated in the ANDA Notice Letter, Perrigo plc prepared and filed ANDA No. 207193.

29. On information and belief and as stated in the ANDA Notice Letter, the FDA received ANDA No. 207193 from Perrigo plc.

30. On information and belief by virtue of, inter alia, Perrigo plc's relationship with Perrigo Company, L. Perrigo, and Paddock in connection with the preparation and/or filing of

ANDA No. 207193 and the sales-related activities of Defendants in New Jersey, including but not limited to the substantial, continuous, and systematic distribution, marketing, and/or sales of pharmaceutical products to residents of New Jersey, this Court has general personal jurisdiction over Defendants.

31. On information and belief, by virtue of, inter alia, Defendants' continuous and systematic contacts with New Jersey, including but not limited to the above-described contacts, and the actions on behalf of Defendants in connection with ANDA No. 207193, this Court has specific personal jurisdiction over Defendants. These activities satisfy due process and confer personal jurisdiction over Defendants consistent with New Jersey law.

32. Venue is proper in this District pursuant to the provisions of Title 28, United States Code, Sections 1391(c) and (d), and 1400 (b).

## COUNT 1: INFRINGEMENT OF THE '085 PATENT

33. Plaintiffs incorporate by reference paragraphs 1-32 of this Complaint as if fully set forth herein.

34. On information and belief, Defendants submitted ANDA No. 207193 to the FDA under 21 U.S.C. § 355(j) in order to obtain approval to market the ANDA Product in the United States before the expiration of the '085 patent.

35. By their ANDA Notice Letter, Defendants informed Plaintiffs that they had submitted to the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the '085 patent is invalid, unenforceable, or will not be infringed by the commercial manufacture, use, sale, offer for sale, or importation into the United States of the ANDA Product.

36. Under 35 U.S.C. § 271(e)(2)(A), the submission by Defendants to the FDA of ANDA No. 207193 to obtain approval for the commercial manufacture, use, sale, offer for sale,

or importation into the United States of the ANDA Product before the expiration of the '085 patent constitutes infringement of one or more claims of the '085 patent, either literally or under the doctrine of equivalents.

37. On information and belief, the ANDA Product, if approved by the FDA, will be prescribed and administered to human patients in a therapeutically effective amount to inhibit gastric acid secretion and for the treatment of gastrointestinal inflammatory disease. On information and belief, this administration will occur at Defendants' active behest and with their intent, knowledge, and encouragement. On information and belief, Defendants will actively encourage, aid and abet this administration with knowledge that it is in contravention of Plaintiffs' rights under the '085 patent.

38. The ANDA Notice Letter, which is required by statute and regulation to provide a full and detailed explanation regarding all defenses, does not allege invalidity of claims 1 and 4 to 10 of the '085 patent. By not alleging unenforceability, Defendants effectively admit that claims 1 and 4 to 10 of the '085 patent are valid.

39. The ANDA Notice Letter, which is required by statute and regulation to provide a full and detailed explanation regarding all defenses, does not allege unenforceability of the '085 patent. By not alleging unenforceability, Defendants effectively admit that the '085 patent is enforceable.

40. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Plaintiffs have no adequate remedy at law.

## COUNT 2: INFRINGEMENT OF THE '070 PATENT

41.     Plaintiffs incorporate by reference paragraphs 1-32 of this Complaint as if fully set forth herein.

42.     On information and belief, Defendants submitted ANDA No. 207193 to the FDA under 21 U.S.C. § 355(j) in order to obtain approval to market the ANDA Product in the United States before the expiration of the '070 patent.

43.     By their ANDA Notice Letter, Defendants informed Plaintiffs that they had submitted to the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the '070 patent is invalid, unenforceable, or will not be infringed by the commercial manufacture, use, sale, offer for sale, or importation into the United States of the ANDA Product.

44.     Under 35 U.S.C. § 271(e)(2)(A), the submission by Defendants to the FDA of ANDA No. 207193 to obtain approval for the commercial manufacture, use, sale, offer for sale, or importation into the United States of the ANDA Product before the expiration of the '070 patent constitutes infringement of one or more claims of the '070 patent, either literally or under the doctrine of equivalents.

45.     On information and belief, the ANDA Product, if approved by the FDA, will be prescribed and administered to human patients in a therapeutically effective amount to inhibit gastric acid secretion and for the treatment of gastrointestinal inflammatory disease. On information and belief, this administration will occur at Defendants' active behest and with their intent, knowledge, and encouragement. On information and belief, Defendants will actively encourage, aid and abet this administration with knowledge that it is in contravention of Plaintiffs' rights under the '070 patent.

46. The ANDA Notice Letter, which is required by statute and regulation to provide a full and detailed explanation regarding all defenses, does not allege invalidity of claims 2 and 4 of the '070 patent. By not alleging unenforceability, Defendants effectively admit that claims 2 and 4 of the '070 patent are valid.

47. The ANDA Notice Letter, which is required by statute and regulation to provide a full and detailed explanation regarding all defenses, does not allege unenforceability of the '070 patent. By not alleging unenforceability, Defendants effectively admit that the '070 patent is enforceable.

48. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Plaintiffs have no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

A. A judgment that the claims of the '085 and '070 patents are valid and enforceable;

B. A judgment that the submission of ANDA No. 207193 by Defendants infringes one or more claims of each of the '085 and '070 patents under 35 U.S.C. § 271(e)(2);

C. A judgment providing that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any FDA approval of Defendants' ANDA No. 207193 shall be no earlier than the latest expiration date of the patents-in-suit and any additional periods of exclusivity;

D. A judgment pursuant to 35 U.S.C. § 271(e)(4)(B) permanently enjoining Defendants, and all persons acting in concert with any of them, from making, using, selling, offering to sell, or importing the esomeprazole magnesium product described in Defendants'

ANDA No. 207197 prior to the latest expiration of the patents-in-suit and any additional periods of exclusivity;

     E.    Attorneys' fees in this action pursuant to 35 U.S.C. § 285;

     F.    Costs and expenses in this action; and

     G.    Such further and other relief as this Court may deem just and proper.

Dated: February 4, 2015

Respectfully submitted,

*s/ John E. Flaherty*
John E. Flaherty
Ravin R. Patel
McCARTER & ENGLISH LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Counsel for Plaintiffs AstraZeneca AB, Aktiebolaget Hässle, AstraZeneca LP, and Zeneca Inc.*

Einar Stole
Ed Rippey
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., NW
Washington, DC 20004
(202) 662-6000

*Of Counsel for Plaintiffs*

## **CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is related to the subject matter of the following actions:

- *ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, KBI INC., and KBI-E INC. v. MYLAN LABORATORIES LTD. and MYLAN, INC.*, C.A. No. 3:12-cv- 01378-JAP-TJB (District of New Jersey)

- *ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, KBI INC., and KBI-E INC. v. WATSON LABORATORIES, INC. – FLORIDA*, C.A. No. 3:13-cv-01669- JAP-TJB (District of New Jersey)

- *ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, KBI INC., and KBI-E INC. v. WOCKHARDT LIMITED and WOCKHARDT USA LLC*, C.A. No. 3:13- cv-04854-JAP-TJB (District of New Jersey)

- *ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, KBI INC., and KBI-E INC. v. AUROBINDO PHARMA LIMITED and AUROBINDO PHARMA USA Inc.*, C.A. No. 3:13-cv-7298-JAP-TJB (District of New Jersey)

- *ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, KBI INC., and KBI-E INC. v. KREMERS URBAN PHARMACEUTICALS, KREMERS URBAN DEVELOPMENT CO., and KREMERS URBAN LLC*, C.A. No. 3:13-cv-7299-JAP-TJB (District of New Jersey)

- *ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, KBI INC., and KBI-E INC. v. ZYDUS PHARMACEUTICALS (USA) INC., and CADILA HEALTHCARE LTD. (dba ZYDUS CADILA)*, C.A. No. 3:14-cv-4782-JAP-TJB (District of New Jersey)

- *ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, and ZENECA INC. v. ACTAVIS LABORATORIES FL, INC., and ACTAVIS PHARMA, INC.*, C.A. No. 3:14-cv-7263-JAP-TJB (District of New Jersey)

- *ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, and ZENECA INC. v. ACTAVIS LABORATORIES FL, INC., and ACTAVIS PHARMA, INC.*, C.A. No. 3:14-cv-7870-JAP-TJB (District of New Jersey)

- *ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, and ZENECA INC. v. ANDRX LABS, LLC, ANDRX CORPORATION, and ACTAVIS, INC.*, C.A. No. 3:14-cv-8030-JAP-TJB (District of New Jersey)

Date:  February 4, 2015	By:	 *s/ John E. Flaherty*  
		John E. Flaherty  
		Ravin R. Patel  
		McCARTER & ENGLISH LLP  
		Four Gateway Center  
		100 Mulberry Street  
		Newark, New Jersey 07102  
		(973) 622-4444  

		*Counsel for Plaintiffs AstraZeneca AB, Aktiebolaget Hässle, AstraZeneca LP, and Zeneca Inc.*  

		Einar Stole  
		Ed Rippey  
		COVINGTON & BURLING LLP  
		1201 Pennsylvania Ave., NW  
		Washington, DC 20004  
		(202) 662-6000  

		*Of Counsel for Plaintiffs*