**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, and ZENECA INC., <br>　　　　Plaintiffs, <br>　v. <br>ACTAVIS LABORATORIES FL, INC., AND ACTAVIS PHARMA, INC., <br>　　　　　Defendants. | Civil Action No. 3:14-cv-07263-MLC-TJB <br><br>Judge Mary L. Cooper <br>Magistrate Judge Tonianne J. Bongiovanni |
| ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, and ZENECA INC., <br>　　　　Plaintiffs, <br>　v. <br>ANDRX LABS, LLC., ANDRX CORPORATION, and ACTAVIS, INC., <br>　　　　　Defendants. | Civil Action No. 3:14-cv-08030-MLC-TJB <br><br>Judge Mary L. Cooper <br>Magistrate Judge Tonianne J. Bongiovanni |
| ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, and ZENECA INC., <br>　　　　Plaintiffs, <br>　v. <br>PERRIGO COMPANY PLC, PERRIGO COMPANY, L. PERRIGO COMPANY, and PADDOCK LABORATORIES, LLC, <br>　　　　　Defendants. | Civil Action No. 3:15-cv-01057-MLC-TJB <br><br>Judge Mary L. Cooper <br>Magistrate Judge Tonianne J. Bongiovanni |

**DECLARATION IN SUPPORT OF**
**DISCOVERY CONFIDENTIALITY ORDER**

I, John E. Flaherty, declare as follows:

1. I am counsel for Plaintiffs ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, and ZENECA INC. ("Plaintiffs") in this action. I submit this Declaration in support of the joint application for a Discovery Confidentiality Order ("Confidentiality Order" or "Order") made by all parties to this action.

2. This case arises out of Plaintiffs' assertions of patent infringement and Defendants' defenses thereto. Given the nature of the claims and the defenses asserted by the parties, discovery will likely include several areas of a sensitive nature, such as the parties' research and development efforts and confidential information. It is my understanding that the documents concerning these subjects contain trade secrets or other confidential research, development, or commercial information, and it is anticipated that other information and materials produced or created during the course of discovery, such as deposition transcripts, may also contain confidential information.

3. The parties in these cases assert that disclosure of this information without the entry of the Confidentiality Order would, among other things, result in harm to all parties and non-parties stemming from disclosure of trade secrets or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c). Because the disclosure of such materials poses a substantial risk of causing harm to the parties, the parties developed and reached agreement upon a protocol for controlling disclosure of such information produced in discovery. The agreed-upon protocol is embodied in the proposed Confidentiality Order.

4. The parties respectfully submit that good cause exists for the entry of the proposed Order. *See* Fed. R. Civ. P. 26(c); *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994). The nature of this case requires the parties to seek and produce documents and information and elicit deposition testimony, the disclosure of which poses a substantial risk of harm to the producing party's legitimate proprietary and financial interests. The proposed Confidentiality Order provides reasonable restrictions on the disclosure of such sensitive materials. To streamline the discovery process and minimize the need for the Court's intervention, the proposed Order adopts an approach that allows the producing party to designate certain materials being produced or deposition testimony as "CONFIDENTIAL" or "ATTORNEY CONFIDENTIAL." *See* Order, ¶ II(A). Disclosure of such materials or deposition testimony designated as "CONFIDENTIAL" or "ATTORNEY CONFIDENTIAL" is limited to specific classes of persons as defined in the Order. *Id.* ¶ III (A)-(K). Moreover, the proposed Order requires the parties to seek permission to file confidential documents with the Court under seal, if such documents need to be filed as part of motion practice or other proceeding. *Id.* ¶ IX.

5. The proposed Order also provides that the party requesting production of the information may challenge the producing party's confidentiality designation before the Court, thereby minimizing the likelihood that non-sensitive documents will be unnecessarily designated as containing confidential information. *Id.* ¶ XI. The Order allocates to the producing party the burden of justifying its designation. *Id.* Umbrella orders of this type have been approved by the United States Court of Appeals for the Third Circuit. *See Pansy*, 23 F.3d at 787 n.17; *Cipollone v. Liggett Grp.*, 785 F.2d 1108, 1122 (3d Cir. 1986).

6. Nothing herein is a waiver by any party of any objection to any discovery request by any other party, nor an admission of the existence or relevance of such documents.

7. I hereby declare under penalty of perjury that the foregoing statements are true.

Dated:  April 17, 2015                    By:  *s/John E. Flaherty*
                                               John E. Flaherty
                                               McCARTER & ENGLISH, LLP
                                               Four Gateway Center
                                               100 Mulberry Street
                                               Newark, New Jersey 07102
                                               (973) 622-4444