## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, and ZENECA INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACTAVIS LABORATORIES FL, INC., AND ACTAVIS PHARMA, INC., <br><br> Defendants. | Civil Action No. 3:14-cv-07263-MLC-TJB <br><br> Judge Mary L. Cooper <br> Magistrate Judge Tonianne J. Bongiovanni |
| ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, and ZENECA INC., <br><br> Plaintiffs, <br><br> v. <br><br> ANDRX LABS, LLC., ANDRX CORPORATION, and ACTAVIS, INC., <br><br> Defendants. | Civil Action No. 3:14-cv-08030-MLC-TJB <br><br> Judge Mary L. Cooper <br> Magistrate Judge Tonianne J. Bongiovanni |
| ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, and ZENECA INC., <br><br> Plaintiffs, <br><br> v. <br><br> PERRIGO COMPANY PLC, PERRIGO COMPANY, L. PERRIGO COMPANY, and PADDOCK LABORATORIES, LLC, <br><br> Defendants. | Civil Action No. 3:15-cv-01057-MLC-TJB <br><br> Judge Mary L. Cooper <br> Magistrate Judge Tonianne J. Bongiovanni |

## STIPULATED DISCOVERY CONFIDENTIALITY ORDER

Plaintiffs ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, and ZENECA INC. ("Plaintiffs") and Defendants ACTAVIS LABORATORIES FL, INC. and ACTAVIS PHARMA, INC. ("Actavis"),  ANDRX LABS, LLC., ANDRX CORPORATION, and ACTAVIS, INC., ("Andrx"), and PERRIGO COMPANY PLC, PERRIGO COMPANY, L. PERRIGO COMPANY, and PADDOCK LABORATORIES, LLC, ("Perrigo") (collectively, "Defendants") by and through their undersigned counsel, hereby stipulate and agree, subject to the approval and order of the Court, that the following Discovery Confidentiality Order shall govern the use, disclosure, and dissemination of documents, things, and other materials containing confidential information or protected material obtained through discovery in the above-captioned actions. Plaintiffs and Defendants (collectively, the "parties") request that the Court enter this Stipulated Discovery Confidentiality Order ("Order") in the above-captioned actions as follows:

IT IS HEREBY AGREED AND ORDERED:

## I.      DESIGNATION OF PROTECTED MATERIAL

A.      Pursuant to the guidelines set forth in this Order and in accordance with Fed. R. Civ. P. 26(c)(1)(G), any person or entity ("Producing Party") producing documents, things, information, or other materials in the above-captioned actions ("Produced Materials") for inspection or review by another person or entity( "Receiving Party") may designate such materials as "Confidential" or "Attorney Confidential." Such designated materials may include, without limitation, testimony adduced at depositions, documents or things produced in response to discovery requests, responses to interrogatories and requests for admission, and other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as hearing or trial

transcripts, matters in evidence, and any other information furnished directly or indirectly in the above-captioned actions.

      B.    A Producing Party may designate as "Confidential" pursuant to this Order any Produced Material that the Producing Party in good faith considers to be, reflect, or reveal a trade secret or other confidential research, development, or commercial information in accordance with Fed. R. Civ. P. 26(c)(10)(G), or other information required by law or agreement to be kept confidential.

      C.    A Producing Party may designate as "Attorney Confidential" pursuant to this Order any Produced Material that meets the requirements of Paragraph I(B) and also contains or comprises: (1) sensitive financial, marketing, customer, clinical, regulatory, research, development, scientific, or commercial information; and (2) which would likely prejudice or cause the Producing Party harm if disclosed to the technical employees of the Receiving Party.

      D.    All material designated as Confidential or Attorney Confidential, including all copies, excerpts, and summaries thereof, and all information contained therein or derived therefrom, shall hereinafter be referred to as "Protected Material." Notwithstanding such designation, Protected Material does not include information that:

      (1) the Producing Party agrees should not be designated Protected Material;

      (2) was, is, or becomes public knowledge, not in violation of this order;

      (3) is acquired or was possessed by the Receiving Party in good faith without confidentiality restrictions or from a third party not subject to this Order;

      (4) is discovered independently by the Receiving Party by means that do not constitute a violation of this Order; or

3

(5) was, is, or becomes expressly released from being designated as Protected

Material by the Producing Party or by order of this Court.

## II.      LABELING OF PROTECTED MATERIAL

A.      Documents and other material designated as Protected Material shall be visibly

marked with the designation "CONFIDENTIAL" or "ATTORNEY CONFIDENTIAL" or

otherwise designated as Protected Material subject to this Order. All documents or other

materials produced by any party in the above-captioned actions prior to entry of this Order shall

be treated in accordance with the terms of this Order.

B.      Further, the designation of Protected Material for purposes of this Order can also

be made in the following manner:

(1) With regard to written material (including transcripts of depositions or other

testimony) and electronic images (such as TIFFs), a legend shall be affixed to each page

substantially in the form "CONFIDENTIAL" or "ATTORNEY CONFIDENTIAL"; and

(2) With regard to non-written material, such as recordings, magnetic media,

photographs, and things, a legend substantially in the above form shall be affixed to the material,

or a container for it, in any suitable manner.

C.      Materials described in Paragraph II(A) and made available by a Producing Party

to another party for inspection without confidentiality legends shall be deemed to be Protected

Material for a period of fourteen (14) days after they are made available. These Materials shall

cease to be Protected Materials unless designated in accordance with this Order by the Producing

Party prior to the expiration of the aforesaid fourteen-day period.

D.      Any party may designate any or all portions of depositions taken pursuant to this

action Protected Material either (1) by making a statement of the level of confidentiality on the

record at the deposition, or (2) by serving notice in writing to counsel of record within thirty (30)

days of receiving the transcript of the deposition. All deposition transcripts not previously designated shall be deemed to be and shall be treated as if designated Attorney Confidential for a period of up to thirty (30) days from receipt of the official transcript of the deposition by all parties to the deposition, during which times the transcript shall not be disclosed by a non-designating party to person other than those person named or approved according to Section III. A deponent may review the transcript of his or her deposition at any time.

Within thirty (30) calendar days of receipt of the deposition transcript by all parties to the deposition, parties and third parties must identify in writing to each of the other parties to the deposition the transcript that they wish to designate as containing Confidential and/or Attorney Confidential information.

The parties agree to mark the first page of all copies of deposition transcripts containing Confidential information with the legend "CONFIDENTIAL INFORMATION - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER."

In the event that testimony adduced at a deposition contains Attorney Confidential information, counsel for the Designating Party shall indicate which specific pages of the deposition transcripts contain Attorney Confidential information. The parties agree to mark the first page of the deposition transcript containing Attorney Confidential information with the legend "ATTORNEY CONFIDENTIAL INFORMATION - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER." That legend, however, will apply only to the specific pages that have been so designated.

In the event that testimony adduced at a deposition contains Confidential and Attorney Confidential information, counsel for the Designating Party shall indicate which specific pages of the deposition transcripts contain Attorney Confidential information. The parties agree to

mark the first page of the deposition transcript containing Confidential and Attorney Confidential information with the legend "CONFIDENTIAL AND ATTORNEY CONFIDENTIAL INFORMATION- SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER." The Attorney Confidential legend, however, will apply only to the specific pages that have been so designated.

E.      Notwithstanding the obligations to timely designate Protected Material, a Producing Party's inadvertent or unintentional failure to designate specific produced material as Protected Material shall not be deemed a waiver in whole or in part of the claim of confidentiality or the right to make a designation. Upon notice to the Receiving Party of such failure to designate, all parties shall cooperate to restore the confidentiality of the inadvertently or unintentionally disclosed Protected Material. No party shall be held in breach of this Order if, prior to notification of such later designation, such Protected Material had been disclosed or used in a manner inconsistent with such later designation. The Producing Party shall provide substitute copies bearing the corrected designation. The Receiving Party shall return or certify the destruction of the undesignated Protected Material.

## III.    DISCLOSURE AND USE OF PROTECTED MATERIAL

Absent agreement by the Producing Party or an order to the contrary by this Court or another court of competent jurisdiction, Protected Material obtained by a Receiving Party from a Producing Party under the terms of this Order may be used and disclosed only for purposes of the above-captioned actions and any appeal thereof, and not for any other purpose, including, without limitation any business or commercial purpose, patent prosecution, a basis for judicial or administrative action, or communication with any government agency including the FDA. To avoid doubt, the recipient of Protected Material shall not be involved in competitive decision making, and shall not have direct responsibility for preparing or submitting citizen's petitions or regulatory documents to the FDA or for prosecuting patent applications relating to Esomeprazole

drug products. If a Receiving Party is served with a subpoena, discovery request in an action other than the above-captioned actions, or any other request seeking by legal process the production of Protected Material, such Receiving Party shall promptly notify the Producing Party, and inform the persons seeking discovery in writing (with a copy to the Producing Party and the Court) that providing the Protected Material would be a violation of this Order.

Any person having access to Protected Material, shall not engage, except by leave of court, formally or informally, in (i) any patent prosecution related to esomeprazole or any method of manufacture or method of using same for the duration of the above-captioned actions (including any appeals) and for one year after final termination of the above-captioned actions (including any appeals); or (ii) any counseling, litigation or other work before or involving the U.S. Food & Drug Administration ("FDA") or similar agency in a foreign country, including but not limited to the preparation and filing of citizen petitions, that relates to any drug product containing esomeprazole, except where such work is: updating the FDA on the status of the above-captioned actions; responding to an inquiry from the FDA regarding the receiving party's own NDA or ANDA and directed toward obtaining or maintaining approval under such NDA or ANDA; or work by one defendant regarding the ANDA of another defendant, provided that such work does not use or rely upon Protected Material of that other defendant. For avoidance of doubt, it is agreed and understood that "patent prosecution" as used herein does not include reexamination, *inter partes* review, post grant review, or any contested proceeding in the U.S. Patent & Trademark Office or any foreign patent office.

Subject to Sections IV and V hereof, a Receiving Party shall disclose Protected Material only to the following Qualified Persons, their clerical, support and secretarial staffs, paralegals

and assistants. All rights, obligations and restrictions in this Protective Order shall apply to such

Qualified Persons as if they were the Receiving Party.

Qualified Persons are:

A.    <u>Outside Counsel</u>: Outside counsel of record in the above captioned actions, and

other attorneys working at their respective law firms (collectively, "Outside Counsel").

B.    <u>For AstraZeneca AB, Aktiebolaget Hässle, AstraZeneca LP, and Zeneca Inc.</u>:

(1)    The following are Qualified Persons for all Protected Material (i.e.,

Confidential and Attorney Confidential):

> Marcus Heifetz, Senior Counsel - Global Litigation
> Luke Mette, Deputy General Counsel - Global Litigation
> Benjamin McDonald, Assistant General Counsel - Global Litigation

C.    <u>For Actavis</u>:

(1)    The following are Qualified Persons for all Protected Material (i.e.,

Confidential and Attorney Confidential):

> Amy Hulina
> Brian Anderson
> Victoria Spataro

D.    For Andrx:

(1)    The following are Qualified Persons for all Protected Material (i.e.,

Confidential and Attorney Confidential):

> Amy Hulina
> Brian Anderson
> Victoria Spataro

E.    For Perrigo:

(1)    The following are Qualified Persons for all Protected Material (i.e.,

Confidential and Attorney Confidential):

Andrew Solomon
Vincent Egolf

F.　　Consultants and experts who have been retained by the Receiving Party or its outside counsel of record to provide assistance in this matter (with disclosure only to the extent necessary to perform such work) and who are not current employees of the Receiving Party, including the expert's or consultant's staff, stenographic, clerical employees, and others working at the expert's or consultant's direction, whose duties and responsibilities require access to such materials.

G.　　Third-party contractors involved solely in providing litigation support services to Outside Counsel, including but not limited to independent litigation support service personnel, copying services, translation services, imaging services, audio/visual services and coding services.

H.　　The Court and its personnel.

I.　　An officer or other person before whom a deposition is taken in the above captioned actions, including any stenographic reporter or videographer.

J.　　Any other person agreed to by the parties to the above captioned actions or allowed by the Court.

K.　　This Order shall not restrict any Producing Party's use, for any purpose, of its own Protected Material. This Order also shall not restrict any person who is a qualified recipient under the terms of Paragraphs III(A), III(B), III(C), III(D), III(E), or III(F) from rendering advice to a party with respect to the above captioned actions, and in the course thereof, from generally relying upon his or her examination of Protected Material. In rendering such advice or in otherwise communicating with the party, the person shall not disclose directly or indirectly the

9

specific content of any Protected Material such disclosure would not otherwise be permitted under the terms of this Order.

## IV.    NOTICE AND ACKNOWLEDGEMENT OF ORDER

A.    Every Qualified Person to whom Protected Material is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, first shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Order.

B.    Before disclosure of Protected Material is made to a Qualified Person under the terms of Paragraphs III(B), III(C), III(D), III(E), III (F), and III(G) Outside Counsel for the Receiving Party shall provide the Qualified Person with a copy of this Order and explain its terms. In addition, for Qualified Person under the terms of Paragraph III(F), Outside Counsel for the Receiving Party shall obtain that Qualified Person's written agreement (in the form of Exhibit A hereto) to comply with and be bound by its terms. Such Qualified Persons under the terms of Paragraph III(F)  to whom disclosure of Protected Material is intended shall confirm their understanding and agreement to abide by the terms of this Order by signing a copy of the acknowledgement attached as Exhibit A.

## V.    NOTIFICATION OF INTENT TO DISCLOSE AND OBJECTIONS

A.    Before a Receiving Party may disclose Protected Material to Qualified Persons under the terms of Paragraph III(F), the Receiving Party shall, at least ten (10) days prior to such disclosure, notify the Producing Party in writing of its intent to disclose Protected Material. Such notification shall include the name, current address and employment affiliation (including job title, if any) of the person to whom such disclosure is proposed. The notification shall also include a copy of the signed acknowledgement made in conformance with Paragraph IV(B) of this Order. With respect to outside experts/consultants referred to in Paragraph III(F), the

10

notification shall further include a curriculum vitae and a list of each outside

expert's/consultant's trial and/or deposition testimony given in the preceding four (4) years.

      B.      The notification and signed acknowledgement referred to in Paragraph V(A) shall

be delivered by hand or electronic mail ("email") with confirmation by overnight courier.

Notification to Plaintiffs shall be delivered to Ed Rippey, Covington & Burling LLP, 850 Tenth

Street, NW, Washington, D.C. 20001 (erippey@cov.com). Notification to Actavis or Andrx shall

be delivered to Matt Ruedy, Maddox Edwards PLLC, 1900 K Street, N.W., Suite 725,

Washington, D.C. 20001 (mruedy@meiplaw.com).  Notification to Perrigo shall be delivered to

Steven Sklar, Leydig, Voit & Mayer, Ltd., 180 N. Stetson Ave., Suite 4900, Chicago, IL 60601

(ssklar@leydig.com).

      C.      If a Producing Party receiving a notification of intent to disclose Protected

Material pursuant to Paragraph V(A) and believes in good faith that such disclosure would be

injurious or prejudicial, it may object to the proposed disclosure by giving written notice of such

objection to the Receiving Party intending to make such disclosure. Such notice shall include the

basis for the objection and shall be delivered in accordance with subparagraph (B) above within

ten (10) days of receipt of the notification of intent to disclose to which objection is made. If the

Producing Party objects, the proposed disclosure shall not take place until the objection is

resolved by agreement of the Producing Party or order of this Court. Failure to object within the

time period set forth above shall be deemed a consent. If the objections cannot be resolved, either

party may seek relief from the Court but the Producing Party shall have the burden of proof that

the intended disclosure should not occur.

D.      Any party may seek to substitute another in-house attorney listed in Paragraphs III(B)(l), III(C)(l), III(D)(1), or III(E)(1) by following the same procedures described in Paragraphs V(A), V(B), and V(C) for Qualified Persons under Paragraphs III(F) and III(G).

E.      No party shall disclose Protected Materials, or the information contained therein, to any other party without the prior written consent of the producing party.

## VI.   EXAMINATION OF WITNESSES

Protected Material may be disclosed to a witness and his, her or its counsel at a deposition, court hearing, or trial: (a) if the witness is an officer, director, or employee of the party who produced such Protected Material; (b) if the witness was formerly an officer, director, or employee of the party who produced Protected Material, and the Protected Material existed during the period of his or her service or employment; (c) if Protected Material was authored by, created by, addressed to, received by, signed by the witness, as demonstrated by the Protected Material itself or foundation testimony during a deposition or trial; or (d) if the witness is a designee for the Producing Party under Federal Rule 30(b)(6) concerning any topic to which the Protected Material is relevant; or (e) the parties otherwise agree.

## VII.  INADVERTENT PRODUCTION OF PRIVILEGED OR PROTECTED MATERIAL

If information subject to a claim of attorney-client privilege, attorney work product immunity, or any other legal privilege protecting information from discovery is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of or estoppel as to any claim of privilege, work product immunity or other ground for withholding production to which the Producing Party or other person otherwise would be entitled, provided that the Producing Party promptly notifies the Receiving Party in writing of such inadvertent production after the Producing Party discovers such inadvertent production. If a written claim of

inadvertent production is made pursuant to this paragraph, with respect to information then in the

custody of another party, upon receipt of such written notice, such party promptly shall return to

the claiming party or person that material and all copies or reproductions thereof of which the

receiving party is aware in whatever form these materials exist, subject to the following

exceptions: (a) the Receiving Party shall be under no obligation to destroy or return any

document that was previously used as an exhibit in a deposition or at trial or other court

proceeding without objection by the Producing Party as to the applicable privilege or immunity

of such document, and (b) the Receiving Party may retain one copy of any document claimed to

be subject to the applicable privilege or immunity for use in connection with a motion to the

Court to challenge the assertion of privilege or inadvertent disclosure of such document. Such

motion shall not rely upon in any manner or assert as a ground for entering such an Order the

fact or circumstances of the inadvertent production. If the motion referred to in (b) of this

paragraph is not served or filed within fourteen (14) days after the Receiving Party has given the

Producing Party written notice that it objects to the assertion or privilege or inadvertent

disclosure, then the Receiving Party waives its right to make such motion, and the document

must be destroyed or returned. Notwithstanding the exceptions set forth in (a) and (b) of this

paragraph, the Receiving Party shall certify to the Producing Party that the document claimed to

be subject to the applicable privilege or immunity has been destroyed or returned. Such return

shall not constitute an acknowledgement that the claimed document or information is in fact

privileged or entitled to the claimed privileges or immunity.

**VIII.   OBLIGATIONS OF OUTSIDE COUNSEL**

It shall be the responsibility of Outside Counsel to ensure strict compliance with the

provisions of this Order and take reasonable and proper steps to ensure that this Order and all

provisions thereof are made known to any person who shall examine Protected Material.

IX.    **FILING PROTECTED MATERIAL**

All papers, documents and transcripts containing or revealing the substance of material designated Protected Material shall be filed electronically under seal simultaneously with a Motion to Seal Protected Materials pursuant to Local Civil Rule 5.3(c) provided, however, that the burden of establishing the criteria for sealing under Local Civil Rule 5.3 shall at all times be on the party that designated the material as Protected Material.

X.    **CONCLUSION OF THE ACTION**

For each of the above-captioned actions, within sixty (60) days after entry of a final judgment or dismissal with prejudice in an action (including appeals or petitions for review) or the execution of a settlement agreement among all the parties to that action finally disposing of all issues raised in that action, outside counsel and all other persons having possession or control of another party's Protected Material shall: (a) return all Protected Material and any copies thereof to the appropriate outside counsel who produced the Protected Material; or (b) destroy such Protected Material. Each party shall give written notice of such destruction to outside counsel for the Producing Party. However, trial counsel may retain one copy of all pleadings or other papers filed with the Court for archival purposes. Further, outside counsel may maintain all attorney and consultant work product, deposition testimony and deposition exhibits containing Protected Material, and the trial record, in such a way as to maintain confidentiality.

XI.    **CONTESTED DESIGNATIONS**

A Receiving Party shall not be obligated to challenge the propriety of designating any Protected Material at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto. If the Receiving Party disagrees with the designation of any Protected Material, the Receiving Party may, after holding a meeting with the Producing Party,

make a request of the Court for an order removing such Protected Material from the restrictions of this Order.

## XII.   NON-WAIVER

The production of Protected Material under the terms of this Order shall not be construed to mean that the Producing Party has waived any objection to the production, relevancy, or admissibility of said materials. Nothing contained herein shall preclude any party from opposing any discovery on any basis.

## XIII.   ADDITIONAL PARTIES

If an additional party joins or is joined in this action, the newly joined party shall not have access to Protected Material until all parties to the above-captioned actions agree to a supplemental Discovery Confidentiality Order governing the protection of Protected Material.

## XIV.   THIRD PARTIES

If a third party provides discovery to any party in the above-captioned actions, such third party may adopt the terms of this Order with regard to the production of Protected Material by executing a Notice of Election to Adopt Stipulated Order on Confidentiality Agreement and Confidentiality Order ("Notice of Election") in the form attached hereto as Exhibit B and providing notice in accordance with Paragraph V(B). In the event of such election, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a party to the above captioned actions. Under such circumstances, the third party shall have the same rights, obligations and restrictions under this Order as the parties to the above-captioned actions, and the material designated Protected Material and produced by the third party will be treated pursuant to this Order.

## XV.    ATTENDANCE AT PROCEEDINGS

This Order applies to the pre-trial phase of this action and any hearings or preliminary injunction proceedings held before a final trial on the merits. If a deposition concerns Protected Material, the Producing Party shall have the right to exclude from the portion of the deposition concerning such Protected Material any person not authorized, in accordance with Section III, to have access to such material. Prior to trial of the action, counsel for the parties shall attempt to reach agreement on the handling of Protected Material at any hearing or trial, and shall submit such agreement or proposals to the Court for consideration. Absent agreement, the parties may petition the Court to issue an order governing the use of such Protected Material at hearing, trial, or other proceeding.

## XVI.   UNAUTHORIZED DISCLOSURE

In the event of disclosure of any Protected Material to a person not authorized to have access to such material, the party responsible for having made, and any party with knowledge of, such disclosure shall (a) use its best efforts to obtain the return of any such Protected Material and to bind such persons to the terms of this Order; (b) within two (2) business days of the discovery of such disclosure, inform such person of all provisions of this Discovery Confidentiality Order and identify such person to the Producing Party; and (c) request such person to execute the Confidentiality Declaration in the form attached hereto as Exhibit A. The executed Confidentiality Declaration shall be served upon counsel of record for the producing party within five (5) business days of the execution of the Declaration by the party to whom Protected Material was disclosed.

## XVII.  TERMINATION OF ACCESS

A.    In the event that any person or party ceases to be engaged in the conduct of one of the above-captioned actions, such person's or party's access to Protected Material shall

terminate, and all copies thereof shall be returned or destroyed in accordance with the terms of Section X hereof, except that such return or destruction shall take place as soon as practicable after such person or party ceases to be engaged in the conduct of the action.

B.   The provisions of this Order shall remain in full force and effect as to any person or party who previously had access to Protected Material, except as may be specifically ordered by the Court or consented to by the Producing Party.

## XVIII. MODIFICATION

This Order may be modified by written stipulation of the parties without further order of the Court, provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

Dated:  April 17, 2015

*s/ John E. Flaherty*
John E. Flaherty
Ravin R. Patel
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street Newark,
New Jersey 07102
(973) 622-4444
*Attorneys for Plaintiffs*

Einar Stole
Edward H. Rippey
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, N.W.
Washington, D.C. 20001
(202) 662-6000
*Of Counsel for Plaintiffs*

*s/ Liza M. Walsh*
Liza M. Walsh
Christine I. Gannon
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
Telephone: (973) 535-0500
Facsimile: (973) 535-9217
lwalsh@connellfoley.com
cgannon@connellfoley.com

Steven A. Maddox
Jeremy J. Edwards
MADDOX EDWARDS PLLC
1900 K Street, N.W.
Washington, DC 20006
Telephone: (202) 253-9234
smaddox@meiplaw.com
jedwards@meiplaw.com

17

*Attorneys for Defendants Actavis Laboratories
FL, Inc., Actavis Pharma, Inc., Andrx Labs, LLC,
Andrx Corporation, and Actavis, Inc.*

*s/ Melissa E. Flax*
Melissa E. Flax
Michael Cross
CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
MFlax@carellabyrne.com
MCross@carellabyrne.com


Steven H. Sklar
Kenneth P. Spina
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza
180 N. Stetson Ave., Suite 4900
Chicago, IL 60601
Telephone: (312) 616-5600
Facsimile: (312) 616-5700
ssklar@leydig.com
kspina@leydig.com
*Attorneys for Defendants Perrigo Company,
plc, Perrigo Company, L. Perrigo Company,
and Paddock Laboratories, LLC*


IT IS SO ORDERED.


Dated: _____                _____
                                                        Honorable Tonianne J. Bongiovanni
                                                        United States Magistrate Judge

18

**EXHIBIT A**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, and ZENECA INC., | |
| Plaintiffs, | Civil Action No. 3:14-cv-07263-MLC-TJB |
| v. | Judge Mary L. Cooper |
| ACTAVIS LABORATORIES FL, INC., AND ACTAVIS PHARMA, INC., | Magistrate Judge Tonianne J. Bongiovanni |
| Defendants. | |
| ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, and ZENECA INC., | |
| Plaintiffs, | Civil Action No. 3:14-cv-08030-MLC-TJB |
| v. | Judge Mary L. Cooper |
| ANDRX LABS, LLC., ANDRX CORPORATION, and ACTAVIS, INC., | Magistrate Judge Tonianne J. Bongiovanni |
| Defendants. | |
| ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, and ZENECA INC., | |
| Plaintiffs, | Civil Action No. 3:15-cv-01057-MLC-TJB |
| v. | Judge Mary L. Cooper |
| PERRIGO COMPANY PLC, PERRIGO COMPANY, L. PERRIGO COMPANY, and PADDOCK LABORATORIES, LLC, | Magistrate Judge Tonianne J. Bongiovanni |
| Defendants. | |

**DECLARATION AND AGREEMENT TO BE BOUND
BY DISCOVERY CONFIDENTIALITY ORDER**

I, _____, declare that:

1.      I have read the foregoing Discovery Confidentiality Order entered as an Order of the United States District Court for the District of New Jersey in the above-captioned actions,

2.      My present employer is _____ and the address of my present employer is _____. My present occupation or job description is _____.

3.      I understand and agree to be bound by the terms of this Discovery Confidentiality Order.

4.      I will hold in confidence and will not disclose to anyone not qualified under the Discovery Confidentiality Order and will use only for purposes of this action, any Protected Material disclosed to me.

5.      I will return all Protected Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained when requested to do so by that counsel.

6.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Discovery Confidentiality Order.

_____
(Signature)


_____
(Printed Name)


_____
(Date)

ii

**EXHIBIT B**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, and ZENECA INC.,<br><br>                     Plaintiffs,<br><br>     v.<br><br>ACTAVIS LABORATORIES FL, INC., AND ACTAVIS PHARMA, INC.,<br><br>                  Defendants. | Civil Action No. 3:14-cv-07263-MLC-TJB<br><br>Judge Mary L. Cooper<br>Magistrate Judge Tonianne J. Bongiovanni |
| ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, and ZENECA INC.,<br><br>                     Plaintiffs,<br><br>     v.<br><br>ANDRX LABS, LLC., ANDRX CORPORATION, and ACTAVIS, INC.,<br><br>                  Defendants. | Civil Action No. 3:14-cv-08030-MLC-TJB<br><br>Judge Mary L. Cooper<br>Magistrate Judge Tonianne J. Bongiovanni |
| ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, and ZENECA INC.,<br><br>                     Plaintiffs,<br><br>     v.<br><br>PERRIGO COMPANY PLC, PERRIGO COMPANY, L. PERRIGO COMPANY, and PADDOCK LABORATORIES, LLC,<br><br>                  Defendants. | Civil Action No. 3:15-cv-01057-MLC-TJB<br><br>Judge Mary L. Cooper<br>Magistrate Judge Tonianne J. Bongiovanni |

## NOTICE OF ELECTION TO ADOPT STIPULATED ORDER
## ON CONFIDENTIALITY AGREEMENT AND CONFIDENTIALITY ORDER

1.      I, _____, a non-party to the above-captioned actions, have been

requested and/or subpoenaed by a party to produce discovery containing Protected Material in

connection with one or more of the above-captioned actions.

2.      I hereby elect to adopt the terms of the Stipulated Discovery Confidentiality Order

(herein, the "Confidentiality Order") with regard to its terms concerning the production of

Protected Material.

3.      The provisions of the Confidentiality Order shall apply to written discovery and

testimony produced by as if such discovery were being provided by a party shall have the same

rights and obligations under the Confidentiality Order as held by the parties.


_____  _____

(Dated)                                    Name


                                    _____

                                    Title